UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 02-80054-CR-Middlebrooks

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ALIREZA HENDIJANI,

    Defendant.
_____/

FILED BY KJZ D.C.
Feb 16, 2021
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## DETENTION ORDER

The Defendant, Alireza Hendijani, appeared before the Court on February 12, 2021, for an initial appearance on the Petition for Warrant or Summons for Offender Under Supervision ("Petition") [DE 95] and a detention hearing. Defendant waived his right to be physically present in the Courtroom and consented to appear via Zoom video conference (VTC) from the U.S. Marshal's Cellblock at the West Palm Beach federal courthouse. The Court found that Defendant knowingly and voluntarily and with the advice of competent counsel waived his personal presence in the courtroom on February 12, 2021 and agreed to appear by Zoom VTC from the U.S. Marshal's cellblock for the hearing. Because the Court also found that the hearing could not be delayed without serious harm to the interests of justice, the hearing was conducted by Zoom VTC.

Defendant was originally convicted in the Southern District of Florida of conspiracy to possess with intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. § 846, a Class B Felony. On March 21, 2003, the Honorable Daniel T.K. Hurley, United States District Judge, sentenced Defendant to 188 months in prison followed by five years of supervised release.

Defendant's term of supervised release commenced on April 26, 2019. The case was later reassigned to the Honorable Donald M. Middlebrooks, United States District Judge.

Defendant is now charged with in the Petition [DE 95] with violating a mandatory condition of his supervised release by failing to refrain from violation of the law. According to the Petition, from on or about February 2019 to February 2, 2021, in Palm Beach County, Florida, Defendant committed the offense of conspiracy to distribute controlled substances, in violation of 21 U.S.C. §§ 846 and 841(a)(1).

The Government moved for detention on the basis that Defendant is a serious risk of flight or nonappearance and a danger to the community. Federal Rule of Criminal Procedure 32.1(a)(6) provides that the magistrate judge may release or detain a person charged with violating supervised release under the provisions of 18 U.S.C. § 3143(a)(1). Rule 32.1(a)(6) places the burden on the defendant to establish that he will not flee or pose a danger to any other person or to the community. A defendant shall be detained unless the judge finds by clear and convincing evidence that the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released.

At February 12, 2021 hearing, Defendant stipulated to detention, reserving his right to have a full detention hearing at a later date. The Court took judicial notice of the Petition [DE 95], the Violation of Supervised Release and Request for Warrant Memorandum by U.S. Probation Officer James Peirce, Defendant's Judgment and Conviction, and the Presentence Investigation Report. In light of the charges against Defendant, the information contained in the Petition and Memorandum, the PSI, and the Judgment and Conviction, and the fact that Defendant stipulated to detention, the Court will order detention, with the understanding that Defendant may move for a full detention hearing before the undersigned at a subsequent date if he chooses to do so.

It is hereby **ORDERED** that Defendant be committed to the custody of the Attorney General for confinement in a corrections facility. This Court also directs that Defendant be afforded reasonable opportunity for private consultation with counsel; and the Court directs that, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined deliver Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

**DONE and ORDERED** in open court at West Palm Beach, Palm Beach County, in the Southern District of Florida, on the 12th day of February, 2021, and signed this 16th day of February, 2021.

*William Matthewman*
WILLIAM MATTHEWMAN
United States Magistrate Judge